

| | | |
|---|---|---|
| **PORTLAND MAIN OFFICE**<br>1000 SW Third Avenue, Suite 600<br>Portland, Oregon 97204<br>(503) 727-1000<br>*www.usdoj.gov/usao/or*<br><br>Gregory R. Nyhus<br>Assistant United States Attorney<br>Greg.r.nyhus@usdoj.gov<br>(503) 727-1015<br>*Reply to Portland Office* | **U.S. DEPARTMENT OF JUSTICE**<br>United States Attorney's Office<br>District of Oregon<br>Scott E. Bradford<br>United States Attorney | **EUGENE BRANCH**<br>405 E 8th Avenue, Suite 2400<br>Eugene, Oregon 97401<br>(541) 465-6771<br><br>**MEDFORD BRANCH**<br>310 West Sixth Street<br>Medford, Oregon 97501<br>(541) 776-3564 |

September 4, 2025

Clais Daniels-Edwards
Assistant Federal Defender

    Re:    *United States v.* August Dean Gordon
            Case Number: 3:25-mj-00181
            Plea Agreement Letter

Dear Counsel:

1.    **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2.    **Charges**: Defendant agrees to plead guilty to Count 1 of the information alleging a violation of 18 U.S.C. § 111(a)(2), assaulting or impeding a federal officer involving physical contact with the victim, a Class D felony.

3.    **Penalties**: The maximum sentence is up to 8 years imprisonment, a fine of $250,000, three years of supervised release, and a $100 fee assessment. Defendant agrees to pay the fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done.

4.    **Dismissal/No Prosecution**: The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5.    **Elements and Factual Basis**: In order for defendant to be found guilty of Count 1 of the information, the government must prove the following elements beyond a reasonable doubt:

        First, the defendant forcibly assaulted Adult Victim 1, which assault involved physical contact; and

Clais Daniels Edwards
Re: August Dean Gordon Plea Agreement Letter
Page 2
September 4, 2025

>Second, the defendant did so while Adult Victim 1 was engaged in, or on account of his official duties.
>
>There is a forcible assault when one person intentionally strikes another, or willfully attempts to inflict injury on another, or intentionally threatens another coupled with an apparent ability to inflict injury on another which causes a reasonable apprehension of immediate bodily harm.
>
>Defendant admits the elements of the offense alleged in Count 1 of the information.

Defendant has fully discussed the facts of this case and any potential defenses with defense counsel. Defendant has committed each of the elements of the crime to which defendant is pleading guilty and admits there is a factual basis for defendant's guilty plea. The following facts are undisputed:

>On June 29 at approximately 3:14 AM, August Dean Gordon was seen on video forcibly removing a proximity card reader from a stanchion on federal property. Officers located and arrested Gordon, who matched the clothing and gear worn by the suspect in the video. During the arrest, Gordon violently resisted, injuring five federal officers by kicking officers in the shin, forearm, and back; grabbing the genitals of three officers; causing pain, swelling, and minor bleeding among officers. After being Mirandized, Gordon admitted to damaging the proximity reader and to kicking and headbutting officers during the arrest.

6.    **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7.    **Guidelines Calculation**: The parties agree that defendant's relevant conduct pursuant to USSG §§ 1B1.9 and 2A2.4, imposing a base offense level of 10. Because the offense resulted in physical contact with the federal officer, the offense level is increased by three levels to offense level 13. Following a 2-level reduction for acceptance of responsibility, and other reductions as indicated below, the total offense level is 9.

8.    **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a two-level reduction for acceptance of responsibility. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct

Clais Daniels Edwards
Re: August Dean Gordon Plea Agreement Letter
Page 3
September 4, 2025

justice as explained in USSG § 3C1.1, violates the terms of pretrial release by entering the exclusion zone surrounding the Portland Immigration and Customs Enforcement building, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

The government agrees to recommend an additional two-level reduction for early acceptance of responsibility if defendant accepts the terms of this agreement and schedules a change of plea on or before September 30, 2025.

9.  **Sentencing Recommendation**:

a.  The government agrees to seek the low end of the guideline calculation established by the Court, followed by two years of supervised release, 15 hours of community service, and a $100 fee assessment. Defendant may argue for any lawful sentence.

b.  The parties agree that, during the term of supervision, and as a condition thereof, the parties agree that defendant is prohibited from entering the area surrounding the Immigration and Customs Enforcement Building in Portland Oregon. Defendant is specifically prohibited from entering the area bounded by South Gaines Street to the North; South Boundary Street to the South; Southwest Terwilliger to the West; and the Willamette River to the East. Defendant may use I-5 to transit the exclusion area so long as defendant does not depart the freeway or stop within the exclusion area.

10. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that any of defendant's conviction under this agreement is vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

11. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind

Clais Daniels Edwards
Re:  August Dean Gordon Plea Agreement Letter
Page 4
September 4, 2025

this plea agreement if the Court does not follow the agreements or recommendations of the parties.

12.    **Full Disclosure/Reservation of Rights**:  The USAO will fully inform the PSR writer, and the Court of the facts and law related to defendant's case.  Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

13.    **Breach of Plea Agreement**:  If defendant breaches the terms of this agreement or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.  If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing.  If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

14.    **Memorialization of Agreement**:  No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court.  If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

/////

/////

/////

/////

/////

/////

/////

/////

/////

/////

Clais Daniels Edwards
Re: August Dean Gordon Plea Agreement Letter
Page 5
September 4, 2025

15. **Deadline**: This plea offer expires on September 25, 2025, if not accepted and a change of plea is scheduled.

                                            Sincerely,

                                            SCOTT E. BRADFORD
                                            United States Attorney

                                            GREGORY R. NYHUS
                                            Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

10/14/25
Date                                                 AUGUST DEAN GORDON
                                                Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

10/14/25
Date                                                 CLAIS DANIELS EDWARDS
                                                Attorney for Defendant